a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SAMUEL GABRIEL MAMUDU** #76321-083, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01352 SEC P |
| **VERSUS** | **JUDGE DRELL** |
| **MELISSA MORGAN ET AL,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Complaint filed pursuant to *Bivens*[1] by pro se Plaintiff Samuel Gabriel Mamudu ("Mamudu"). Mamudu is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Mamudu alleges that Defendants Melissa Morgan, Lieutenant Martinez, Warden McConnell, and Case Manager Brown are liable for failing to protect him from an assault by other inmates.

Because additional information is needed to determine the viability of Mamudu's claims, he must AMEND the Complaint.

I. **Background**

Mamudu alleges that, on several occasions, Unit Manager Melissa Morgan announced to other inmates that Mamudu is a sex offender. ECF No. 1 at 4. Mamudu

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

alleges that, because of Unit Manager Morgan's actions, he was beaten by other inmates. ECF No. 1 at 4. Mamudu asserts that Unit Manager Morgan's actions violate the Constitution and numerous BOP Program Statements. ECF No. 1 at 6.

## II. Law and Analysis

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). Rule 8 does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mamudu alleges facts involving Unit Manager Morgan but does not state how each of the other Defendants allegedly violated his constitutional rights. Nor does he state what injuries he claims to have suffered from each alleged violation. Therefore, Mamudu must amend and state:

(1) the name(s) of EACH person who allegedly violated Plaintiff's constitutional rights;

(2) a description of what actually occurred AND what EACH Defendant did to violate Plaintiff's rights;

(3) the place and date(s) that EACH event occurred;

(4) a description of the injuries were caused by the actions of EACH Defendant; and

(5) whether he sought medical treatment for any alleged injuries and, if so, what treatment he received on what dates.

### III. Conclusion

Because Mamudu must provide additional information to support his claims, IT IS ORDERED that he AMEND his Complaint (ECF No. 1) within 30 days of the date of this Order, providing the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Tuesday, Septemer 6, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE